UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------- x
                                             :
ANNA SULLIVAN,                               :          3:26-CV-00035 (VAB)
Plaintiff,                                   :
                                             :
v.                                           :
                                             :
UNITED STATES                                :
GOVERNMENT, ET AL.                           :
Defendant(s).                                :          JANUARY 27, 2026
                                             :
-------------------------------------------- x
```

RECOMMENDED RULING ON THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
*IN FORMA PAUPERIS* AND THE INITIAL REVIEW OF THE PLAINTIFF'S COMPLAINT

On January 7, 2026, the plaintiff Anna Sullivan, proceeding *pro se*, commenced this action against the "United States Government" and eighty-one other named defendants. (Doc. No. 1). Also, on January 7, 2026, the plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2).

On January 15, 2026, the Court (Bolden, J.) referred to the undersigned the plaintiff's motion to proceed *in forma pauperis* and an initial review of the Complaint pursuant to 28 U.S.C. § 1915. (Doc. No. 9). For the reasons that follow, the Court **GRANTS** the plaintiff's motion to proceed *in forma pauperis* and recommends that the plaintiff's claims be **DISMISSED** in their entirety because the plaintiff has failed to state a claim upon which relief may be granted.

## I.     LEGAL STANDARD

28 U.S.C. § 1915 authorizes the Court to grant *in forma pauperis* status to an indigent plaintiff who submits an affidavit demonstrating their inability to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The same statute also contains a provision that protects against the abuse of this privilege. *See* 28 U.S.C. § 1915(e). Subsection (e) provides that the Court "shall dismiss the

case at any time if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A valid complaint need not plead "detailed factual allegations," however, it must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A claim is plausible on its face where the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When, as here, a plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests . . . ." *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020) (quoting *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010)); *see Stancuna v. New Haven Legal Assistance*, 383 F. App'x 23, 24 (2d Cir. 2010) ("[W]e nonetheless construe the submissions of a *pro se* litigant liberally and interpret them so as to raise the strongest arguments that they suggest." (internal quotations omitted)).

## II.   <u>FINANCIAL AFFIDAVIT</u>

The Court determines indigency within the meaning of § 1915 by reviewing an applicant's assets and expenses as typically stated on a declaration or financial affidavit submitted with the motion to proceed IFP. As a general matter, applicants seeking IFP status are not required to "demonstrate absolute destitution." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). Rather, they must establish that they cannot afford to pay for both the necessities of life and the costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "The decision of whether to grant an application to proceed [IFP] rests within the sound discretion

of the court." *Robert C. v. Kijakazi*, No. 3:22-CV-120 (SRU), 2022 WL 2287600, at *1 (D. Conn. Feb. 10, 2022) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)).

Here, the plaintiff attested that she is not employed, but her spouse, Nathanael Sullivan, contributes $5,300 to her household expense, which is her only reported income. (Doc. No. 2). She indicated that she has no independent assets, but that her spouse owns their home, which has a $200,000 mortgage balance, and that she has no cash or other investments. (*Id.*). As to her monthly obligations, the plaintiff stated that she pays $3,500 for rent, $500 for property taxes, $500 for gas/heating oil bill, $500 electric bill, $100 for water bill, $100 for phone/cell phone bill, and $100 for internet bill, totaling $5,300. (*Id.*). Further, she indicated she has debt to three entities, totaling $5,044.36, and that she has one ten-year-old daughter. (*Id.* at 2-3).

The plaintiff's monthly obligations leave her no extra money for other expenses. Accordingly, the Court concludes the plaintiff cannot afford to pay for both the necessities of life and the costs of litigation. The plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**.

## III.    **MERITS OF THE COMPLAINT**

The complaint alleges no plausible or discernable causes of actions, but rather, contains an array of general complaints from the plaintiff regarding both parties to this action and non-parties alike, along with many self-decreed statements regarding her, "right" to take certain types of actions, including taking over the presidency, and appointing government representatives as she sees fit. (*See* Doc. No. 1, ¶ 37). For example, on page eight of her complaint, the plaintiff alleges, "From here on out I AM the ONLY authority that is allowed and necessary for the country of the United States and the state of Connecticut here on out. I have the power to do and complete this as I was chosen to do so. I have earned and been chosen to handle and carry out authority here on out in the United States. All will respect me, all will respect me." (*See* Doc. No. 1, ¶ 25).

Moreover, the plaintiff has filed nineteen similar complaints which have all been dismissed, except for the most recent which was recommended for dismissal:

(1) 3:24-cv-01003-OAW, dismissed on July 22, 2024;

(2) 3:24-cv-01390-KAD, dismissed on November 1, 2024;

(3) 3:24-cv-01857-KAD, dismissed on November 26, 2024;

(4) 3:24-cv-01860-KAD, dismissed on November 26, 2024;

(5) 3:24-cv-01851-KAD, dismissed on December 2, 2024;

(6) 3:24-cv-01862-KAD, dismissed on December 2, 2024;

(7) 3:24-cv-01863-KAD, dismissed on December 2, 2024;

(8) 3:24-cv-01676-KAD, dismissed on December 5, 2024;

(9) 3:24-cv-01578-KAD, dismissed on December 11, 2024;

(10) 3:24-cv-01675-KAD, dismissed on December 23, 2024;

(11) 3:24-cv-01836-KAD, dismissed on December 30, 2024;

(12) 3:24-cv-01949, dismissed on January 13, 2025;

(13) 3:25-cv-00385-SVN, dismissed on April 4, 2025;

(14) 3:25-cv-00764-SVN, dismissed on June 12, 2025;

(15) 3:25-cv-00921-SVN, dismissed on June 30, 2025;

(16) 3:25-cv-01157-VDO, dismissed on July 25, 2025;

(17) 3:25-cv-01231-VDO, dismissed on August 12, 2025;

(18) 3:25-cv-01412-OAW, dismissed on September 3, 2025;

(19) 3:26-cv-01872-VAB, recommended for dismissal on January 21, 2026.

As stated above, a valid complaint need not plead "detailed factual allegations," however, it must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

4

*v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A claim is plausible on its face where the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When, as here, a plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests . . . ." *McFadden v. Noeth*, 827 F. App'x 20, 24 (2d Cir. 2020) (quoting *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010)); see *Stancuna v. New Haven Legal Assistance*, 383 F. App'x 23, 24 (2d Cir. 2010) ("[W]e nonetheless construe the submissions of a pro se litigant liberally and interpret them so as to raise the strongest arguments that they suggest." (internal quotations omitted)).

Here, however, even construing the complaint in the most liberal means possible in consideration of the plaintiff's *pro se* status, there is simply no cause of action alleged in the complaint, and it is impossible to discern what claim or claims the plaintiff is asserting.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." However, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotations omitted). "[A] proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not plausibly give rise to an entitlement to relief." *Fraser v. Caribe*, No. 3:20-CV-71 (SVN), 2022 WL 1210720, at * 3 (D. Conn. Apr. 25, 2022) (internal quotations and citation omitted).

Even considering the plaintiff's *pro se* status, the Court cannot discern any possible claim from the contents of the complaint, so that any amendment would be clearly futile. Thus, the Court recommends that the plaintiff's complaint be dismissed without leave to amend.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No.2) is **GRANTED**. The Court further recommends that the plaintiff's claims be **DISMISSED** without leave to amend because the plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

This is a Recommended Ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this Recommended Ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. U.S. Dep't. of Just.*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Sec'y of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (*per curiam*).

Dated at New Haven, Connecticut, on this 27th day of January, 2026.

 /s/ Robert M. Spector, U.S.M.J.
Robert M. Spector
United States Magistrate Judge

6